IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY PINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-2098-D |
| | § | |
| JOSE SANTANA, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeremy Pinson has filed an Emergency Motion for a Preliminary Injunction in this *pro se* prisoner civil rights action challenging the conditions of his solitary confinement at a supermax prison facility in Florence, Colorado ("ADX Florence"). By his motion, Plaintiff seeks an immediate transfer from ADX Florence to a federal medical center where he can receive treatment for his "significant" mental health problems. Plaintiff also seeks the appointment of counsel.

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain injunctive relief, Plaintiff must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997). If Plaintiff fails to carry his burden on any one of the four elements, the court must deny the motion. *See GoNannies, Inc. v. GoAuPair.com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D.

1

Tex. 2006); *Ellipse Commc'ns, Inc. v. Caven*, No. 3:07-CV-1922-O, 2009 WL 497268, at *1 (N.D. Tex. Feb. 26, 2009).

Here, Plaintiff has failed to establish a substantial threat of irreparable harm. The only harm identified by Plaintiff is that he is suicidal. Pl. Mot. at 3. However, self-inflicted harm cannot satisfy the irreparable harm requirement necessary to support a preliminary injunction. *Breeland v. Fisher*, No. 3:12-CV-84, 2012 WL 4105090, at *11 (M.D. Pa. July 25, 2012), *rec. adopted*, 2012 WL 4104561 (M.D. Pa. Sep. 18, 2012) (holding prison inmate may not rely upon threat of self-inflicted injuries to satisfy irreparable harm element in support of motion for preliminary injunction); *Prince v. Croop*, No. 97-CV-1197 (RSP/GJD), 1998 WL 37596, at *1 (N.D.N.Y. Jan. 30, 1998) (recognizing that potential self-inflicted future injuries do not establish a real threat of injury for purpose of preliminary injunctive relief). It is also well settled that delay in seeking relief is an important factor weighing against the need for a preliminary injunction. *GoNannies*, 464 F. Supp. 2d at 609 (quoting *Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3-05-CV-0094-D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006) (Fitzwater, J.) ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *see also Adventure Plus Enters., Inc. v. Gold Suit, Inc.*, No. 3:06-CV-2032-BD, 3:07-CV-1315-BD, 2008 WL 926487, at *1 (N.D. Tex. Apr. 2, 2008) (recognizing that delay in seeking a preliminary injunction precludes a finding of irreparable harm). The record demonstrates that Plaintiff has a long history of serious mental health problems. He has been diagnosed with schizophrenia/affective disorder, bipolar type and has a long-term history of inpatient psychiatric treatment for suicide attempts and violent behavior. *See* Pl. Mot., Ex. 2. The record further establishes that Plaintiff has been in solitary confinement at ADX

2

Florence since 2011. *Id.*, Ex. 3, Pinson Decl. at ¶ 1. Yet, Plaintiff did not file the instant lawsuit challenging the conditions of his confinement until June 4, 2013. Plaintiff waited more than seven months after filing this lawsuit to seek a preliminary injunction to effect his immediate transfer. No explanation has been offered to justify or excuse this delay. On these facts, the Court finds that there is no substantial threat of irreparable harm if an injunction is not granted.

Nor has Plaintiff shown that the threatened injury outweighs any damage the injunction might cause to the defendants or that the requested injunction will not disserve the public interest. Prison officials have significant discretion in choosing the facility where an inmate is confined and in transferring inmates between facilities. *See* 18 U.S.C. § 3621(b); *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976) (prison officials have broad discretion, free from judicial interference, in determining prisoner assignments). Federal courts should refrain from interfering in the management of prison affairs. *See Wilkerson v. Stalder*, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order."). Especially in the absence of a substantial threat of irreparable harm, it would be unreasonable to order the defendants to transfer Plaintiff to another prison facility. The interests of the public also generally weigh against granting an injunction that impacts matters of prison administration. *Silva v. Bureau of Prisons*, No. 3:10-CV-0168-D-BH, 2010 WL 3000803 (N.D. Tex. May 14, 2010), *rec. adopted*, 2010 WL 2989995 (N.D. Tex. July 29, 2010) (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)). The Court thus recommends that Plaintiff's emergency motion for a preliminary injunction be denied.

With respect to Plaintiff's request for the appointment of counsel, a district court has statutory authority to appoint counsel to represent an indigent person in the prosecution or defense of any suit. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). However, a plaintiff is not entitled to court-appointed counsel as a matter of right. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986). The standard is exceptional circumstances. *See Jackson*, 811 F.2d at 261; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). In determining whether to appoint counsel for an indigent plaintiff, the Court must consider: (1) the type and complexity of the case; (2) whether the plaintiff can adequately present the case; (3) whether the plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). In a separate Order filed today, the Court carefully considered these factors and determined that Plaintiff has failed to establish exceptional circumstances at this stage of the litigation. Accordingly, Plaintiff's request for the appointment of counsel should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff's Emergency Motion for a Preliminary Injunction (Doc. 19) in its entirety.

SO RECOMMENDED, February 19, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

5