IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY PINSON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:13-CV-2098-D |
| | § | |
| JOSE SANTANA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* prisoner civil rights action challenging the conditions of confinement at a federal facility in Florence, Colorado ("ADX"), Plaintiffs have filed a motion to reconsider the order denying Plaintiff Jeremy Pinson's request for a preliminary injunction as well as a second motion for preliminary injunction. Pl. Mot. Reconsider (Doc. 59); Pl. 2d Mot. for Prelim. Inj. (Doc. 62). By these motions, Plaintiffs seek an order directing the Bureau of Prisons ("BOP") to transfer them to a federal medical center. Plaintiffs also request an opportunity to develop the record and present evidence in support of their request for an injunction and for the appointment of counsel. Defendants failed to file a response to either motion. Accordingly, the Court considers the motions without the benefit of a response.

The Court initially observes that the BOP recently transferred Pinson from the ADX facility in Florence to a federal medical center in Springfield, Missouri. *See* Change of Address Notice (Doc. 93). The BOP has also transferred Plaintiff Jamil Al-Amin from ADX Florence to the Canaan unit in Waymart, Pennsylvania. *See* Notice of Change of Address (Doc. 97). Because the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive

relief moot, Plaintiffs' motion to reconsider should be denied. *See Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001) (transfer from unit rendered prisoner's claims for declaratory and injunctive relief moot); *Gereb v. U.S. Attorney Gen.*, No. 3:11-CV-3418-M, 2012 WL 3627630, at *2 (N.D. Tex. July 31, 2012) (plaintiff's transfer to a medical facility mooted request for transfer to such a facility). For the same reason, Plaintiffs' second motion for preliminary injunction should be denied as to Pinson and Al-Amin.

To the extent Plaintiffs' requests for injunctive relief are not moot, they have failed to meet their heavy burden to show they are entitled to such relief. As previously noted, a preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely." Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated 2/19/14 (Doc. 30) at 1 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). To obtain preliminary injunctive relief, a movant must establish, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997). If the movant fails to carry his burden on any one of the four elements, the court must deny the motion. *See GoNannies, Inc. v. GoAuPair.com, Inc.*, 464 F. Supp. 2d 603, 607 (N.D. Tex. 2006); *Ellipse Commc'ns, Inc. v. Caven*, No. 3:07-CV-1922-O, 2009 WL 497268, at *1 (N.D. Tex. Feb. 26, 2009).

Here, Plaintiffs have failed to establish a substantial threat of irreparable harm if the injunction is not granted. Plaintiffs assert that Stine suffers from asthma, hepatitis C, high blood pressure, and impaired vision. As a result of these conditions, he allegedly experiences difficulty

breathing, vomiting, abdominal pain, and is "at serious risk of irreversible decline in health resulting in death." Pl. 2d Mot. for Prelim. Inj. at 1. Al-Amin and Buhl are elderly and have impaired vision. *Id.* at 2. They allegedly fall often and injure themselves due to their inability to see. *Id.* Plaintiffs assert that without proper treatment, supervision, or disability accommodations – none of which is available at the ADX facility in Colorado – they will "likely die." *Id.* at 3. Plaintiffs' conclusory assertions, however, are not sufficient to show entitlement to injunctive relief. *Roark v. Individuals of Fed. Bureau of Prisons*, No. 5:12-CV-60, 2013 WL 2153944, at *5 (E.D. Tex. May 16, 2013), *aff'd*, 58 F. App'x 471 (5th Cir. 2014) (conclusory allegations concerning plaintiff's medical condition and the conditions of his confinement were insufficient to show entitlement to preliminary injunction directing the BOP to provide plaintiff with the medical treatment which he believed to be most appropriate). Al-Amin and Buhl have not identified anything other than vague suspicion to support their claim that their impaired vision will result in dire consequences. Nor has Stine demonstrated that an "irreversible decline in health" warrants immediate injunctive relief. *See Ingle v. Livingston*, No. 6:09-CV-233, 2010 WL 56059, at *1 (E.D. Tex. Jan. 6, 2010) (denying request for preliminary injunction directing prison officials to transfer plaintiff to a smaller unit that would be more willing to assist him with special dietary requirements so he will not suffer a "slow and painful death"). Plaintiffs' medical conditions existed long before they joined this litigation in February 2014. Yet, Plaintiffs did not seek a preliminary injunction until late June. This delay in seeking relief is also an important factor weighing against the need for a preliminary injunction. *GoNannies*, 464 F. Supp. 2d at 609 (quoting *Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3-05-CV-0094-D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006) (Fitzwater, J.) ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction

- 3 -

by demonstrating that there is no apparent urgency to the request for injunctive relief."); *see also Adventure Plus Enters., Inc. v. Gold Suit, Inc.*, No. 3:06-CV-2032-BD, 3:07-CV-1315-BD, 2008 WL 926487, at *1 (N.D. Tex. Apr. 2, 2008) (recognizing that delay in seeking a preliminary injunction precludes a finding of irreparable harm).

The evidence Plaintiffs seek to develop and present in support of their motion would not affect the disposition of these issues. Accordingly, Plaintiffs' request for a hearing and for discovery should be denied. With respect to Plaintiffs' renewed request for the appointment of counsel, the Court has previously noted that the standard for appointing counsel to represent an indigent person is exceptional circumstances. *See Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th Cir. 1986); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). In determining whether exceptional circumstances exist, the Court must consider: (1) the type and complexity of the case; (2) whether the plaintiff can adequately present the case; (3) whether the plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Here, the Court has carefully considered these factors and determined that Plaintiffs have failed to establish exceptional circumstances at this stage of the litigation. Indeed, Plaintiffs have adequately represented themselves to date. Plaintiffs' request for the appointment of counsel should thus be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court DENY Plaintiffs' Motion to Reconsider Preliminary Injunction (Doc. 59) and their Second Motion for a Preliminary Injunction (Doc. 62).

SO RECOMMENDED, November 17, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).