IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY PINSON, MIKEAL STINE, § | | |
| LEROY BUHL, JAMIL AL-AMIN, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | No. 3:13-CV-2098-D | |
| § | | |
| JOSE SANTANA, CATRICIA HOWARD, § | | |
| CHARLES SAMUELS, JR., and THE § | | |
| FEDERAL BUREAU OF PRISONS, § | | |
| § | | |
| Defendants. § | | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Jose Santana, Catricia Howard, Charles Samuels, Jr., and the Federal Bureau of Prisons have filed a motion to dismiss or, in the alternative, for summary judgment in this *pro se* prisoner civil rights action. For the following reasons, the motion should be granted.

I. Background

This is a *Bivens*[1] action brought by four federal prisoners incarcerated at the maximum security facility in Florence, Colorado ("ADX Florence"). Jeremy Pinson, who suffers from epilepsy, initiated this lawsuit by filing a complaint alleging that Defendants Jose Santana, Catricia Howard, and Charles Samuels violated his Eighth Amendment rights when they assigned him to ADX Florence without regard to his serious medical condition. Pinson subsequently amended his complaint to add fellow ADX Florence inmates Mikeal Stine, Leroy Buhl, and Jamil Al-Amin as plaintiffs, to add the Bureau of Prisons ("BOP") as a defendant, and to assert additional claims for

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

First Amendment retaliation and violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.  Succinctly stated, the live complaint alleges that Plaintiffs suffer from a variety of serious physical and mental health conditions that require medical treatment and/or accommodations which are not available at ADX Florence.  *See* Pl. First Am. Compl. (Doc. 32) at 3, ¶¶ 11-16.  Plaintiffs contend that Defendants knew of Plaintiffs' health conditions and assigned them to ADX Florence in retaliation for criticizing the BOP and its prison staff in numerous lawsuits, internet blogs, and social media accounts.  *Id.*, ¶ 8.  Plaintiffs further contend that Defendants' decision to house them at ADX Florence, where they are effectively denied necessary medical treatment and accommodations, constitutes deliberate indifference to their serious medical needs in violation of the Eighth Amendment, as well as a violation of the ADA and the Rehabilitation Act.  *Id.* at 2.  By their complaint, Plaintiff seek compensatory and punitive damages and injunctive relief.  *Id.* at 5.  Defendants have filed a motion to dismiss or, in the alternative, for summary judgment arguing, among other things, that Plaintiffs have failed to exhaust their administrative remedies and have failed to state a claim upon which relief can be granted.  The issues have been briefed by the parties, and the motion is ripe for determination.

## II.  Legal Standards

The court evaluates the pleadings under Rule 12(b)(6) by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

3

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Preliminary Matters

As part of their response, Plaintiffs request that the Court strike the declarations of Sonya Cole and Kevin Johnson because the declarations refer to attachments that were omitted from Defendants' appendix. Pl. Resp. (Doc. 53), Attach. I. Cole's declaration refers to "Attachments 1, 2, 3, 4, and 5," which are copies of SENTRY public information reports for each individual named as a plaintiff in the First Amended Complaint. Cole Decl., Def. App. at 002-004, ¶¶ 4-8. These reports contain information regarding current and former inmates held at BOP facilities, including the details about Plaintiffs' convictions, sentences, security level, location, and projected release dates. *See id*. at 002, ¶ 3 & 002-004, ¶¶ 4-8. Defendants purposely omitted the public information reports from their appendix because they believe the full reports are "unnecessary" to their motion to dismiss. *Id.* at 1, n.1. Johnson's declaration references "Attachment A," which is a copy of Plaintiffs' First Amended Civil Complaint. *Id.* at 127, ¶ 4. Defendants inadvertently failed to include a copy of Attachment A to Johnson's declaration, but they subsequently sought and obtained leave to file an amended appendix that includes Attachment A. Because Defendants have corrected their omission of Attachment A to Johnson's declaration and because the Court agrees that the full public information reports are not relevant to the disposition of Defendants' motion, Plaintiffs' Request to Strike Affidavits is denied.

### IV. Analysis

#### A. Exhaustion of Administrative Remedies

Defendants argue that, except for Pinson's Eighth Amendment claim, all of Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies. *See* Def. Mot. (Doc. 46) at 4-8. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement, which applies to *Bivens* actions, is mandatory and is strictly construed. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (PLRA exhaustion requirement applies to all inmate suits about prison life); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

The BOP's grievance procedure requires an inmate to file a request for an administrative remedy at each of three different levels: (1) the facility level; (2) the regional level; and (3) the General Counsel level. Cole Decl., Def. App. at 005, ¶ 10. The inmate must receive a substantive response at each level. *Id.* If no response is received within the time allowed, the inmate may consider the absence of a response to be a denial at that level. *Id.* Once the inmate receives a substantive response or the time has passed to provide such a response, the inmate may appeal his grievance to the next level. *Id.* An inmate exhausts his administrative remedies, when he appeals the denial of a request for an administrative remedy to the General Counsel and receives a substantive response or the time passes to provide such a response. *See id.*

1. Pinson's Claims

Defendants argue that Pinson's First Amendment retaliation claims and his ADA and Rehabilitation Act claims should be dismissed because he has not properly exhausted his administrative remedies.[2] Def. Mot. at 6; Cole Decl., Def. App. at 6, ¶ 11 & *id.* at 050. In her

---

[2] Defendants concede that Pinson has exhausted his administrative remedies with respect to his Eighth Amendment claim. *See* Cole Decl., Def. App. at 005, ¶ 11. In particular, Cole acknowledges that the SENTRY reports show that Pinson filed a request for an administrative remedy complaining that "BOP Designation Officials" are

declaration, Cole identifies at least one fully-exhausted administrative remedy request, No. 727633, in which Pinson complains of retaliation and discrimination. Cole Decl., Def. App. at 6, ¶ 11. She concludes, however, that request No. 727633 did not exhaust the retaliation claims pending in the instant suit because Pinson's complaint "was not about these defendants retaliating against him for exercising his First Amendment rights, but rather it was about ADX Florence institution staff engaging in a campaign of retaliations by harassing him at the institution itself." *Id.* In response, Pinson submits a copy of a different remedy request, No. 600334, in which he specifically grieves that his transfer to ADX Florence "is . . . retaliatory due to my litigation against the Unit Manager, Executive Staff, DSCC Staff and Regional Staff." Pl. Resp. App., Attach. F at PageID 619. He also submits a copy of the substantive response from the General Counsel, which shows that he finally exhausted his administrative remedies with respect to request No. 600334 on January 31, 2011. *Id.*, Attach. G, PageID 621. The PLRA does not require an inmate to name in his grievance all the defendants he later names in his complaint. *Jones*, 549 U.S. at 217; *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) ("Nothing in the PLRA requires prisoners to identify all defendants that they later sue."). Rather, the PLRA only requires that the inmate provide prison administrators with "a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *Patterson*, 547 F. App'x at 511. Request No. 600334 plainly alleges that "DSCC Staff" retaliated against Pinson for protected litigation activities by transferring him to ADX Florence. When viewed in the light most favorable to Pinson, Request No. 600334 is sufficient to raise a genuine dispute as to whether Pinson exhausted his administrative remedies with respect to his First Amendment retaliation claim. Defendants' motion should thus be denied with respect to this claim.

---

deliberately indifferent to his treatment needs and requesting a transfer. *Id.* Cole further admits that Pinson filed his request at all three levels and received a substantive response from the General Counsel on August 10, 2012. *Id.*

The Court comes to a different conclusion with regard to Pinson's claims under the ADA and the Rehabilitation Act. Cole states in her declaration that Pinson did not file any requests for an administrative remedy pertaining to a violation of the ADA or the Rehabilitation Act. Cole Decl., Def. App. at 006, ¶ 11. Plaintiffs do not dispute Cole's statement. Nor do they adduce any controverting evidence. Instead, Plaintiffs point to evidence that Pinson filed a complaint alleging disability discrimination with the Disability Rights Section of the Civil Rights Division of the U.S. Department of Justice. Pl. Resp. App., Attach. F at PageID 623. The law is clear, however, that a prisoner bringing a claim under the ADA or the Rehabilitation Act is required to exhaust his administrative remedies through the prison grievance system. *See, e.g., Wiley v. McKellar*, 167 F. App'x 385, 386 (5th Cir. 2006) (prisoner must exhaust administrative remedies before bringing a civil action challenging prison conditions, including those raised under the ADA); *Howe v. Livingston*, No. 9:11-CV-162, 2012 WL 4127621, at *8 (E.D. Tex. Sept. 17, 2012) (exhaustion of administrative remedies is required for claims challenging prison conditions under the Americans with Disabilities Act and Rehabilitation Act). Pinson's complaint to the Department of Justice does not raise a genuine dispute as to whether Pinson exhausted his administrative remedies under the PLRA with respect to his ADA and Rehabilitation Act claims. Defendants are therefore entitled to summary judgment on their affirmative defense of exhaustion with respect to Pinson's claims for violations of the ADA and the Rehabilitation Act. These claims should be dismissed without prejudice. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (when a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies).

2. Stine, Buhl, and Al-Amin's Claims

Defendants' summary judgment evidence further demonstrates that Stine, Buhl, and Al-Amin have not properly exhausted any of the three claims raised in this lawsuit. *See* Cole Decl., Def. App. at 006-009, ¶¶ 12-13, 15. In particular, Cole's declaration states that she has reviewed hundreds of administrative remedy requests filed by these plaintiffs and has determined that none of them have properly exhausted any of the three claims raised in this lawsuit. *Id.* Plaintiffs do not dispute Cole's conclusion and tacitly concede that Stine, Buhl, and Al-Amin have not properly exhausted their administrative remedies. Instead, Plaintiffs argue that their failure to exhaust should be excused because (1) all three plaintiffs' requests challenging their ADX placement were "lost" in the prison mail system and officials refused to provide them with the forms necessary to appeal their placement; and (2) Buhl and Al-Amin are "virtually blind." Pl. Resp. at 3-4.

The Fifth Circuit has adopted a strict approach to the exhaustion requirement. *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010). A prisoner's failure to exhaust may be excused only in certain rare circumstances where administrative remedies are not truly "available" within the meaning of the PLRA. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (per curiam), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 216 (2007). If prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, or refuse to provide a prisoner with the forms required to exhaust administrative remedies, then those remedies are not "available" to the prisoner. *See Trigg v. Wiginton*, No. 3:10-CV-1962-B-BN, 2013 WL 230365, at *4 (N.D. Tex. Jan. 2, 2013), *rec. adopted*, 2013 WL 238918 (N.D. Tex. Jan 18, 2013) (citing *Aceves v. Swanson*, 75 F. App'x 295, 296 (5th Cir. 2003) & *Dillon*, 596 F.3d at 268). Additionally, a remedy is not "available" when "(1) an inmate's untimely filing of a grievance is

9

because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." *Days*, 322 F.3d at 868.

There is no evidence whatsoever to corroborate Plaintiffs' assertions that administrative remedies were not available to Buhl because he is severely vision-impaired or because BOP officials refused to provide him with the proper administrative forms. The record contains no declaration from Buhl, and Plaintiffs' unsubstantiated assertions regarding Buhl's efforts to exhaust his administrative remedies are not competent summary judgment evidence. Thus, there is no genuine dispute as to whether Buhl should be excused from the PLRA's exhaustion requirement.

Nor does Al-Amin's general assertion that he is "nearly blind" excuse him from the exhaustion requirement. *See* Pl. App., Attach. B at Page ID 613. There is nothing in the record to suggest that the grievance procedure was unavailable to Al-Amin due to his alleged visual impairment. Rather, the summary judgment evidence establishes that Al-Amin repeatedly availed himself of the procedure and successfully filed more than ninety administrative remedy requests. Cole Decl., Def. App. at 009, ¶ 15. Contrary to Al-Amin's assertions that he was only able to obtain assistance in filing grievances pertaining to "non-complex issues," the record shows that he was able to properly exhaust other sophisticated grievances, including a challenge to his ADX placement on due process grounds. Cole Decl., Def. App. at 009, ¶ 15 & 122. Under these circumstances, there is no genuine dispute that administrative remedies were not "available" to Al-Amin due to blindness. *Ferrington v. Louisiana Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (state prisoner's alleged blindness did not excuse him from the exhaustion requirement where alleged blindness did not prevent him from filing his lawsuit, appealing a disciplinary hearing or filing other grievances, and thus that his blindness could not have prevented him from exhausting his available remedies).

The summary judgment evidence also fails to raise a genuine dispute as to whether Stine and Al-Amin should be excused from the exhaustion requirement because prison officials allegedly refused to provide them with the forms necessary to appeal their ADX placement. Defendants' evidence demonstrates that Stine and Al-Amin have filed numerous administrative remedy requests, but have never properly exhausted any of the claims raised in this lawsuit. Cole Decl., Def. App. at 006-007 & 009, ¶¶ 12, 15. Plaintiffs' declarations do not controvert Defendants' evidence. Instead, the declarations submitted by Stine and Al-Amin only generally assert that they submitted "ADX placement appeals" to Defendant Santana and that ADX counselors refused to provide them with additional appeal forms until they obtained a response from Santana, which never came. Pl. App., Attach. B, PageID 613; Pl. App., Attach. D, PageID 616. Plaintiffs do not attach copies of the alleged "ADX placement appeals" or set forth any specific facts showing that Stine and Al-Amin initially challenged their ADX placement on Eighth Amendment or First Amendment grounds. Plaintiffs' conclusory assertions that Stine and Al-Amin were prevented from exhausting their administrative remedies fail to create a genuine dispute for trial. *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (claimant's conclusory assertions and production of an unprocessed Step-2 form in the district court failed to create a genuine dispute as to his exhaustion of grievance); *Daniels v. Dallas Ctny.*, No. 3:05-CV-1739-M, 2007 WL 2791491, at *3 (N.D. Tex. Sept. 26, 2007) (holding that claimant failed to "show a genuine issue for trial by merely stating he filed grievances"). Defendants are thus entitled to summary judgment on their affirmative defense of exhaustion with respect to the claims brought by Stine, Buhl, and Al-Amin. These claims should be dismissed without prejudice.[3]

---

[3] The Court's conclusion that Defendants are entitled to summary judgment on the claims brought by Stine, Buhl, and Al-Amin's pretermits consideration of Defendants' alternative arguments for dismissal.

B. <u>Failure to State a Claim for Relief</u>

The only two claims that have been properly exhausted are Pinson's claims that his placement at ADX Florence (1) results in an unconstitutional denial of medical care in violation of the Eighth Amendment and (2) constitutes retaliation in violation of the First Amendment. Defendants contend that these claims must be dismissed because Pinson's allegations are conclusory, vague, fail to allege personal involvement, and are insufficient to overcome the individual defendants' assertion of qualified immunity. Def. Mot. at 14. More particularly, Defendants contend that the live complaint fails to allege facts showing what Pinson's medical conditions were; what each defendant knew about Pinson's medical condition; that each defendant knew of and disregarded an excessive risk to Pinson's health or safety; and that each defendant drew the inference that a substantial risk of serious harm existed as to Pinson and then disregarded that risk. *Id.* at 16. Defendants further argue that Pinson has failed to allege a qualifying adverse retaliatory act; what Pinson did to criticize the BOP and its prison staff (including each defendant); that each defendant knew of these criticisms; that each defendant intended to retaliate against Pinson by having him remain at ADX Florence; and the specific actions each defendant took in retaliation. *Id.* at 18.

Pinson candidly responds that the "First Amended Complaint admittedly could be improved," and seeks leave of court to file an amended complaint that would provide the detailed facts that Defendants contend are missing. Pl. Resp. at 7. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc.*, Privacy Litig., 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005). Defendants do not argue that the deficiencies identified in the live complaint are

incurable. Nor do Defendants contend that they would be prejudiced by an amendment that addresses those deficiencies. Indeed, Defendants do not oppose Pinson's request at all. Under these circumstances, even though Pinson has already amended his complaint once, the District Court should grant Pinson's request for leave to amend his complaint with respect to the two claims that have been properly exhausted.

### C. Claims Against the BOP for Injunctive Relief

The record reflects that the BOP recently transferred Pinson from ADX Florence to a federal medical center in Springfield, Missouri. *See* Change of Address Notice (Doc. 93). Because the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot, *see Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001), the District Court should dismiss Pinson's claims for injunctive relief.

Additionally, a *Bivens* claim cannot be brought against the federal government, a federal agency, or a federal employee acting in his official capacity; it is available only against federal agents in their individual capacities in order to deter future civil rights violations by such individuals. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). To the extent Pinson asserts any *Bivens* claims against the BOP, such claims should be dismissed for failure to state a claim upon which relief may be granted.

### D. Pinson's Three-Strike Status

Finally, Defendants argue that Pinson's claims should be dismissed because he has already been assessed three strikes under the PLRA and has failed to make the requisite showing that he is in imminent danger of serious physical injury. The Court, however, has already considered Pinson's allegations and evidence that he was in imminent danger of serious physical injury at the time he

13

filed this action and determined that he was entitled to proceed *in forma pauperis*.  The District Court should not reconsider that determination at this juncture.

## RECOMMENDATION

The District Court should grant Defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. 46).  The District Court should dismiss without prejudice for failure to exhaust administrative remedies the claims brought by Plaintiffs Stine, Buhl, and Al-Amin, as well as Pinson's claims for violations of the ADA and the Rehabilitation Act.  The District Court should dismiss as moot Pinson's claims against the BOP for injunctive relief and should dismiss without prejudice Pinson's remaining claims against the individual defendants for failure to state a claim upon which relief can be granted.  The District Court further should grant Pinson leave to file an amended complaint, consistent with these findings, by a date certain.

SO RECOMMENDED, November 19, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).