IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEREMY PINSON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-2098-D |
| VS. § | |
| § | |
| JOSE SANTANA, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

I

After making an independent review of the pleadings, files, and records in this case, the November 17 and November 19, 2014 findings, conclusions, and recommendations of the magistrate judge, and the objections of plaintiffs Jeremy Pinson ("Pinson"), Mikeal Glenn Stine ("Stine"), Leroy Buhl ("Buhl"), and Jamil Al-Amin ("Al-Amin") to the magistrate judge's November 17 and November 19, 2014 findings, conclusions, and recommendations, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendations of the magistrate judge are adopted.[1]

Accordingly, by Fed. R. Civ. P. 54(b) judgment filed today, the court dismisses without prejudice the actions of Stine, Buhl, and Al-Amin, and Pinson's claims under the

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

ADA and Rehabilitation Act, for failure to exhaust administrative remedies. The court also dismisses Pinson's claims alleging an unconstitutional denial of medical care under the Eighth Amendment and for retaliation in violation of the First Amendment for failure to state a claim upon which relief can be granted, but it grants Pinson leave to replead these claims.

II

The court will itself consider the other three pending motions that are now ripe: Pinson's motion to supplement objections to report and recommendations and renewed motion to appoint counsel; Pinson's motion to take judicial notice of transcript of Senate testimony and Amnesty International report; and movant Antoine Bruce's ("Bruce's") emergency motion for reconsideration of request for permissive joinder and request for hearing.

A

Pinson moves to supplement his objections to the magistrate judge's recommendation that plaintiffs' request for preliminary injunction be denied, and he renews his motion for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The court grants Pinson's motion to supplement his objections to the magistrate judge's recommendation. The court concludes, however, that the supplemented objections do not affect the court's conclusion that Pinson's motion for preliminary injunction should be denied.

The court denies Pinson's renewed motion for appointment of counsel. Although a district court has the authority to appoint counsel to represent an indigent person in the

prosecution or defense of any suit, Pinson is not entitled to court-appointed counsel as a matter of right. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). The court is not required to appoint counsel for an indigent plaintiff unless the case presents exceptional circumstances. *See Akasike*, 26 F.3d at 512. In determining whether to appoint counsel for an indigent plaintiff, the court must consider: (1) the type and complexity of the case; (2) whether the plaintiff can adequately present the case; (3) whether the plaintiff can adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and cross examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The magistrate judge concluded in his February 19, 2014 order that Pinson's case did not warrant the appointment of counsel because Pinson had not established exceptional circumstances at that stage of the litigation. Pinson's renewed motion similarly does not establish the existence of exceptional circumstances that would warrant the appointment of counsel. Pinson continues to demonstrate throughout these proceedings that he is capable of adequately presenting and investigating this case, and his submissions to the court continue to reflect at least an average understanding of court rules and procedures. He is able to articulate his claims so the court can understand them. At this stage of the proceedings, the court remains unable to determine whether the evidence will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination.

Having considered anew each of the *Ulmer* factors, the court concludes that Pinson has not established the necessary exceptional circumstances to require the appointment of counsel, and his renewed motion is denied.

B

Pinson moves the court to take judicial notice of testimony given before the United States Senate by defendant Charles Samuels ("Samuels"), and of a report published by Amnesty International entitled, "Entombed: Isolation in the US Federal Prison System." Pinson has attached to his motion copies of both the Amnesty International Report and Samuels' Senate testimony.

Fed. R. Evid. 201 provides that a court can take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute" because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* In other words, judicial notice extends only to indisputable adjudicative facts. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998) (holding that determination in prior court proceeding was, first, not indisputable, because it was open to dispute, disputed by the parties, and "not the type of self-evident truth that no reasonable person could question, a truism that approaches platitude or banality," and, second, not an adjudicative fact because it was a legal determination of a mixed question of fact and law) (alterations omitted) (quoting *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-48 (5th Cir. 1982)) (internal quotation marks omitted).

It is unclear from Pinson's motion for what purpose he seeks to have the court take judicial notice of these documents, or how their content is relevant to the merits of any of his claims. *See Reece v. U.S. Bank Nat'l Ass'n*, 2014 WL 301022, at *3 (N.D. Tex. Jan. 28, 2014) (O'Connor, J.) (citing *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F.Supp.2d 780, 789 (E.D. La. 2009) (stating courts should not take judicial notice of irrelevant facts)). Further, Pinson has not established that these documents contain the kind of indisputable adjudicative facts of which courts may take judicial notice. The court therefore denies Pinson's motion to take judicial notice of these documents. Pinson may still attach these documents to his amended complaint if he so desires, but the court will not give their contents the force and effect of judicially-noticed facts.

C

Finally, the court considers Bruce's emergency motion seeking reconsideration of his October 1, 2014 motion for permissive joinder under Fed. R. Civ. P. 20.

The court referred Bruce's October 1, 2014 motion to the magistrate judge, who denied the motion in a November 18, 2014 order, concluding that Bruce had failed to allege any facts from which the court could infer that his claims arose out of the same transaction, occurrence, or series of transactions or occurrences as the plaintiffs' claims, or that there were any common questions of law or fact linking his claims to those of the existing plaintiffs. Bruce now asks the court to reconsider the magistrate judge's denial of permissive joinder. He also requests that the court appoint counsel to represent him and hold a competency hearing.

"Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam). "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs . . . is at the option of the plaintiffs.'" *Id.* (quoting *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Id.* (citations omitted).

In his motion for reconsideration, Bruce reasserts that his claims should be joined with those of the existing plaintiffs because he is mentally ill and retarded and his claims share identical questions of law and fact with the existing plaintiffs' claims. Bruce's motion for reconsideration suffers from the same defects as his initial motion for permissive joinder. He has not alleged any facts from which the court can conclude that his claims arise out of the same transaction, occurrence, or series of transactions or occurrences as the existing plaintiffs' claims, nor does he allege facts that demonstrate a common question of law or fact linking his claims to those of the existing plaintiffs. The court therefore denies Bruce's motion for reconsideration.[2]

---

[2] Because the court declines to grant Bruce's request for permissive joinder, it does not reach Bruce's motion for appointment of counsel or request for competency hearing.

\* \* \*

Following *de novo* review, the court adopts the magistrate judge's November 17 and November 19, 2014 findings, conclusions, and recommendations. By Rule 54(b) judgment filed today, the court dismisses without prejudice, for failure to exhaust administrative remedies, the actions of Stine, Buhl, and Al-Amin, and Pinson's claims under the ADA and Rehabilitation Act. The court also dismisses without prejudice Pinson's claims alleging an unconstitutional denial of medical care, under the Eighth Amendment, and retaliation, in violation of the First Amendment. The court grants Pinson leave to replead these claims because Pinson has not stated that he cannot, or is unwilling to, cure the defects as to these claims. The court grants Pinson 28 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED**.

March 6, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE